# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS SIMS,<br><br>        Plaintiff,<br><br>   v.<br><br>T. BAKER, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:05-CV-01292-AWI-SMS-P<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 1) |

I.    Screening Order

    A.    Screening Requirement

Plaintiff Darius Sims ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 13, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.    Plaintiff's Claims

The events at issue in this action allegedly occurred at the California Substance Abuse Treatment Facility and State Prison-Corcoran, where plaintiff was incarcerated at the time. Plaintiff names Correctional Officers T. Baker, R. Resa, and John Doe as defendants. Plaintiff is seeking money damages.

In his complaint, plaintiff alleges that on February 26, 2004, defendants allowed inmate Rivas out of his cell and onto the yard, where he attacked and injured plaintiff. Plaintiff was subsequently placed in administrative segregation, which he alleges was false imprisonment. Plaintiff also alleges that his habeas petition was denied as untimely because his property was withheld.

///

1.  Failure-to-Protect Claim

Although plaintiff does not allege the legal basis for his claim, in light of the fact that he filed suit pursuant to section 1983, the court shall treat the claim as one brought for violation of the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

Although the court is mindful that the federal system is one of notice pleading, Fed. R. Civ. P. 8(a); Swierkiewicz., 534 U.S. at 512-15; Austin, 367 F.3d at 1171; Jackson, 353 F.3d at 754; Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002), plaintiff must allege some facts supporting a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] . . . safety." Farmer, 511 U.S. at 837. Although plaintiff alleges that defendants

1  let inmate Rivas out of his cell, it is not clear whether they knew ahead of time that he planned to
2  attack plaintiff or that he presented an excessive risk to plaintiff's safety.  The court will provide
3  plaintiff with the opportunity to file an amended complaint clarifying the basis of his claim.

4      2.      Denial of Access to the Courts Claim

5  Plaintiff alleges that his habeas petition was denied as untimely, and that it was untimely
6  because his property was withheld.  Inmates have a fundamental constitutional right of access to the
7  courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996).  The right is limited to direct criminal appeals,
8  habeas petitions, and civil rights actions.  Id. at 354.  Claims for denial of access to the courts may
9  arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking
10 access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking
11 claim).  Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).  In this
12 instance, plaintiff's access claim is backward-looking, as plaintiff claims that his pending habeas
13 petition was dismissed as a result on defendant's inaction.  To prevail on his claim, plaintiff must
14 show that he suffered an actual injury by being shut out of court.  Id. at 415; Lewis, 518 at 351.

15 Plaintiff has not alleged any facts linking to untimeliness of his petition to an act or omission
16 of a named defendants.  The conclusory assertion that his property was withheld is insufficient to
17 support a claim for relief under section 1983 against any of the defendants.

18      3.      False Imprisonment Claim

19 Plaintiff alleges a false imprisonment claim based on his placement in administrative
20 segregation.  Under California law, false imprisonment is the "'unlawful violation of the personal
21 liberty of another.'"  Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting
22 Asgari v. City of Los Angeles, 15 Cal.4th 744, 757 (1997)).  "There are two bases for claiming false
23 imprisonment: imprisonment pursuant to a false arrest and unreasonable delay in bringing the
24 arrested person before a judicial officer."  Estate of Brooks v. United States, 197 F.3d 1245, 1248
25 (9th Cir. 1999).

26 Plaintiff is a convicted prisoner in the custody of the California Department of Corrections
27 and this action involves no claims to the contrary.  Plaintiff's placement in administrative
28 segregation does not give rise to a cognizable false imprisonment claim.

4

C.   Conclusion

The court finds that plaintiff's complaint does not state any claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

///
///
///
///
///

5

4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   May 22, 2006**               /s/ Sandra M. Snyder
icido3                              UNITED STATES MAGISTRATE JUDGE