# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS SIMS, | CASE NO. 1:05-CV-01292-AWI-SMS-P |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE EIGHTH AMENDMENT CLAIM |
| v. | |
| T. BAKER, et al., | |
| Defendants. | (Doc. 9) |

I.   Screening of Order

    A.   Screening Requirement

Plaintiff Darius Sims ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 13, 2005. On May 24, 2006, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983. Plaintiff filed an amended complaint on June 9, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.     Plaintiff's Claims

The events at issue in this action allegedly occurred at the California Substance Abuse Treatment Facility and State Prison-Corcoran, where plaintiff was incarcerated at the time. Plaintiff names Correctional Officers T. Baker, R. Resa, and John Doe as defendants. Plaintiff is seeking money damages.

In his amended complaint, plaintiff alleges that on February 26, 2004, defendant Doe let inmate Rivas out of his cell and onto the yard, where he attacked and injured plaintiff. Plaintiff alleges that defendants Baker and Resa distracted plaintiff with a search so that Rivas could attack

plaintiff, and that defendants Doe, Baker, and Resa set plaintiff up to be attacked by Rivas. Plaintiff also alleges that seven boxes of his personal property were sent to R&R, but only one box was sent to Administrative Segregation. Plaintiff alleges that his property was confiscated without cause and never returned to him.

### 1. Failure-to-Protect Claim

Although plaintiff does not allege the legal basis for his claim, in light of the fact that he filed suit pursuant to section 1983, the court shall treat the claim as one brought for violation of the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

///

The court finds that plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against defendants Baker, Resa, and Doe for violation of the Eighth Amendment. Fed. R. Civ. P. 8(a); Swierkiewicz., 534 U.S. at 512-15; Austin, 367 F.3d at 1171; Jackson, 353 F.3d at 754; Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

  2. Property Claim

It is unclear if plaintiff is attempting to pursue a claim for relief under section 1983 for deprivation of his property. To the extent that he is, the court construes the claim as one brought for deprivation of property without due process of law.

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, plaintiff has not alleged that he was deprived of his property without procedural due process. Given that plaintiff alleges he was told his property exceeded six cubic feet, it would appear that plaintiff was provided with some process. Plaintiff's disagreement with the confiscation of his property does not support a claim for denial of due process. Only if plaintiff was deprived of his property without due process may plaintiff assert a claim. Further, if plaintiff was deprived of his property in a manner which was unauthorized, such as through negligence or theft or an intentional act in violation of prison rules or regulations, plaintiff's claim does not rise to the level of a due process violation. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Only intentional, authorized deprivations support a claim for relief under section 1938 for violation of the Due Process Clause. See Hudson, 468 U.S. at 532, n.13 (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985).

 C. Conclusion

The court finds that plaintiff's amended complaint states a claim under section 1983 for violation of the Eighth Amendment. However, plaintiff's claim based on the deprivation of his property is not cognizable under section 1983. The court will provide plaintiff with the opportunity to file a second amended complaint, if plaintiff believes the deficiencies in his property claim are curable and plaintiff wishes to file a second amended complaint.

If plaintiff does not wish to file a second amended complaint and wishes to proceed against defendants Baker, Resa, and Doe on his Eighth Amendment claim only, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claim be dismissed from this action, and will forward plaintiff two summonses and two USM-285 forms to fill out and return to the court.[1] Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendants Baker and Resa.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:
   a. File a second amended complaint curing the deficiencies identified by the court in this order, or

///

///

---

[1] The United States Marshal cannot initiate service of process on a doe defendant. Plaintiff will be issued a summons and USM-285 form for defendant Doe when and if he ascertains Doe's name.

        b.     Notify the court in writing that he does not wish to file a second amended complaint and wishes to proceed only against defendants Baker, Resa, and Doe on his Eighth Amendment failure-to-protect claim; and

3.     If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**   **June 16, 2006**                 /s/ Sandra M. Snyder
icido3                                   UNITED STATES MAGISTRATE JUDGE