# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS SIMS,<br><br>                 Plaintiff,<br><br>   v.<br><br>T. BAKER, et al.,<br><br>                 Defendants.<br>_____/ | CASE NO. 1:05-cv-01292-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING SECOND AMENDED COMPLAINT BE SERVED AS TO FAILURE-TO-PROTECT CLAIM, AND DUE PROCESS CLAIM AND DEFENDANTS COBBS, MARTINEZ, WADKINS, AND PRUD'HOMME BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 11) |

I.    Findings and Recommendations Following Screening of Second Amended Complaint

    A.    <u>Procedural History</u>

Plaintiff Darius Sims ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 13, 2005. On May 24, 2006, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983. Plaintiff filed an amended complaint on June 9, 2006. The court screened plaintiff's amended complaint and on June 16, 2006, ordered plaintiff to either file a second amended complaint or notify the court of his willingness to proceed only on his cognizable failure-to-protect claim. Plaintiff filed a second amended complaint on July 10, 2006.

///

///

1

B.Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

///

C.  Plaintiff's Claims

The events at issue in this action allegedly occurred at the California Substance Abuse Treatment Facility and State Prison-Corcoran, where plaintiff was incarcerated at the time. Plaintiff names Correctional Officers T. Baker and R. Resa, Associate Warden J. L. Cobbs, Sergeant J. Martinez, Lieutenant W. S. Wadkins, Captain Prud'homme, and John Doe Tower Officer as defendants. Plaintiff is seeking money damages, and he claims violations of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment.

1.  Eighth Amendment Failure-to-Protect Claim

Plaintiff alleges that on February 26, 2004, he was attacked by inmate Rivas. Plaintiff alleges that defendants Resa, Baker, and John Doe Tower Officer set plaintiff up to be attacked by inmate Rivas.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence

3

on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

The court finds that plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against defendants Baker, Resa, and Doe for violation of the Eighth Amendment. Fed. R. Civ. P. 8(a); Swierkiewicz., 534 U.S. at 512-15; Austin, 367 F.3d at 1171; Jackson, 353 F.3d at 754; Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002). Therefore, the court recommends the second amended complaint be served on defendants Baker and Resa as to this claim.[1]

### 2. Due Process Claim- Property Deprivation

Plaintiff alleges that defendants Resa and Baker sent seven boxes of his property to Receiving and Release, where it was either confiscated or disposed of. Plaintiff alleges that the deprivation was unauthorized, illegal, and vindictive, in violation of the Due Process Clause.

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, the unauthorized deprivation of property, be it through negligence, theft, or an intentional act in violation of prison rules or regulations, does not rise to the level of a federal due process violation. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Accordingly, plaintiff's claim fails as a matter of law and the court recommends that it be dismissed, with prejudice.

### D. Conclusion

The court finds that plaintiff's second amended complaint states a claim against defendants Resa, Baker, and Doe under section 1983 for violation of the Eighth Amendment. However, plaintiff's claim based on the deprivation of his property is not cognizable under section 1983, and plaintiff has not stated any claims against defendants Cobbs, Martinez, Wadkins, and Prud'homme. Plaintiff was twice given leave to amend, and notified of the linkage requirements under section

///

---

[1] The United States Marshal cannot initiate service of process on a doe defendant. Plaintiff will be issued a summons and USM-285 form for defendant Doe when and if he ascertains Doe's name.

4

1983 and the legal standard for due process claims. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, the court HEREBY RECOMMENDS that:

1. This action proceed on plaintiff's second amended complaint, filed July 10, 2006, against defendants Resa, Baker, and Doe under section 1983 for violation of the Eighth Amendment;

2. Plaintiff's due process claim based on the deprivation of his property be dismissed, with prejudice, for failure to state a claim; and

3. Defendants Cobbs, Martinez, Wadkins, and Prud'homme be dismissed from this action based on plaintiff's failure to state any claims against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     February 26, 2007                    /s/ Sandra M. Snyder
icido3                                         UNITED STATES MAGISTRATE JUDGE