1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9 | DARIUS SIMS,                          CASE NO. 1:05-cv-01292-AWI-SMS PC

10 |                     Plaintiff,      FINDINGS AND RECOMMENDATIONS
                                         RECOMMENDING DEFENDANTS' MOTION
11 |        v.                           TO DISMISS FOR FAILURE TO EXHAUST
                                         BE GRANTED
12 | T. BAKER, et al.,
                                         (Doc. 30)
13 |                     Defendants.
                                         OBJECTIONS DUE WITHIN THIRTY DAYS
14 | _____/

15

16          **Findings and Recommendations on Defendants' Motion to Dismiss**

17 | **I.     Procedural History**

18          Plaintiff Darius Sims ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

19 | in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's

20 | second amended complaint, filed July 10, 2006, against Defendants Resa, Baker, and Doe under

21 | section 1983 for violation of the Eighth Amendment.  On November 15, 2007, Defendants Resa and

22 | Baker ("Defendants") filed a motion to dismiss for failure to exhaust the available administrative

23 | remedies. (Doc. 30.)  Plaintiff filed an unverified opposition on December 11, 2007, and Defendants

24 | filed a reply on December 19, 2007.[1]  (Docs. 31, 32.)  On January 3, 2008, Plaintiff filed an

25 | unverified surreply without leave of Court.  (Doc. 33.)

26 | ///

27

28
    _____
        [1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion
on July 12, 2007.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 24.)

## II.   **Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones v. Bock, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  Id.

## III.   **Defendants' Motion**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (2008).  The process is initiated by submitting a CDC Form 602.  Id. at § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Id. at § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).  In order to satisfy

2

section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. <u>Woodford v. Ngo</u>, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); <u>McKinney</u>, 311 F.3d at 1199-1201. Because this action was filed on October 13, 2005, exhaustion must have occurred prior to that date. <u>Id</u>.

In his second amended complaint, Plaintiff alleges that on February 26, 2004, he was attacked by inmate Rivas. Plaintiff alleges that Defendants Resa, Baker, and John Doe Tower Officer set him up to be attacked by inmate Rivas. Defendants Resa and Baker move for dismissal on the ground that Plaintiff did not exhaust his claim against them. Defendants submit evidence that Plaintiff did not exhaust an appeal alleging he was set up to be attacked at either the institutional level or the Director's level of review. (Doc. 30, Gomez Dec., ¶¶5, 6; Grannis Dec.,¶9.)

In their motion, Defendants specifically discuss appeal log numbers 04-1018, 04-2607, and 04-2704, which they state are attached to Plaintiff's second amended complaint. Upon review, the only two inmate appeals attached to Plaintiff's complaint are 04-1018 and 04-1923, both of which are listed on appeals tracking system log submitted by Defendants. 04-2607 is also listed on the log, but the appeal itself was not included with Plaintiff's complaint. 04-2704 was neither listed on the log nor included with Plaintiff's complaint. These discrepancies do not render Defendants' motion fatally deficient, and the Court notes them only for clarification of the record.

Satisfaction of the exhaustion does not always require pursuit of an appeal through the Director's Level of review. The governing regulations impose no such requirement, and it is not the law of this Circuit that a Director's Level response is always required to satisfy section 1996e(a). <u>Brown v. Valoff</u>, 422 F.3d 926, 935-36 (9th Cir. 2005). Rather, what is required will be dependent upon prison officials' response to the appeal. "[E]ntirely pointless exhaustion" is not required. <u>Brown</u>, 422 F.3d at 936.

While the appeals process does not require that inmates draft their appeals with the precision of an attorney, if an inmate is going to file suit on the basis of wrongdoing by a prison official, that inmate must file an appeal which places officials on notice as to the basis of that wrongdoing. The failure to do so deprives officials of any opportunity review and take action on the alleged wrongdoing.

Appeal number 04-1018, dated February 29, 2004 by Plaintiff and attached to the second amended complaint, was denied at the first formal level of review. (Doc. 11, pgs. 10, 11.) Plaintiff complains that he was attacked by inmate Rivas, and requests he be returned to normal status, and his property and canteen be restored. (Id.) The appeal does not grieve being set up for attack by Defendants. Appeal number 04-1923, dated March 8, 2004 by Plaintiff and attached to the second amended complaint, was denied at the first formal level of review. (Id., pgs. 6-9.) The appeal concerns Plaintiff's property issues, and does not grieve being set up for attack by Defendants. (Id.)

Turning to Plaintiff's opposition, Plaintiff initially raises three points which are irrelevant to his burden as the party opposing Defendants' motion to dismiss. (Doc. 31, pgs. 1, 2.) First, the merits of Plaintiff's claim against Defendants are not at issue here. The sole inquiry is whether Plaintiff exhausted. Exhaustion is required and failure to exhaust entitles Defendants to dismissal, regardless of the merits of Plaintiff's claims.

Second, the extension of time granted to Defendants to submit their response to Plaintiff's complaint is immaterial. Although Plaintiff argues he should be given the same amount of extra time, Plaintiff did not seek an extension of time to oppose the motion. Had he done so, it would have been granted. Plaintiff did not do so and filed a sixty page opposition. The record does not support an argument that Plaintiff was deprived of a fair opportunity to oppose Defendants' motion.

Third, Plaintiff questions the Attorney General's representation of officers who commit illegal acts on prison grounds. The Attorney General's Office has a division which represents state employees in suits such as this, and that issue is irrelevant to the current proceedings.

Relevant to the issue of exhaustion, Plaintiff contends that he wrote an appeal on February 26, 2004, regarding the attack on him and his property loss, and requesting medical attention. (Id., pg. 6.) Plaintiff asserts he received no response and began writing appeals as often as he could. Plaintiff also contends that he appealed 04-1923 to the next level of review after it was partially granted, but received no response. (Id.)

As previously set forth, 04-1923 does not grieve Plaintiff's claim that he was set up for attack by Defendants. Therefore, the allegation that Plaintiff submitted it to the next level but received no response is not relevant. Plaintiff submitted an appeal on February 29, 2004, which was logged and

which received a first level response.  Plaintiff fails to address this appeal, and his allegation of an earlier appeal grieving the attack on him by inmate Rivas and his property loss, and requesting medical attention is both vague and unpersuasive in terms of actually raising the issue that he was set up for attack by Defendants.  Further, it is unsupported by evidence.

Plaintiff also submits a Board of Control rejection letter.  (Id., pg. 29.)  Compliance with the California Tort Claims Act is a prerequisite to bringing suit against officials under state law, but it does not satisfy section 1997e(a) with respect to Plaintiff's federal claim.

Finally, Plaintiff submits a number of other appeals and rejections forms.  (Id., pgs. 43-49.) First, the appeals submitted by Plaintiff concern Plaintiff's claim that Correctional Counselor Nolan withheld his mail, causing his Board of Control claim to be late.  This issue is not relevant to the issue of whether Plaintiff appealed Defendants' alleged misconduct via the prison grievance system.  Second, the appeals were submitted in 2007.  This action was filed in 2005 and the alleged misconduct occurred in 2004.  Any attempts at compliance occurring in 2007 are of no assistance to Plaintiff given that exhaustion must occur prior to filing suit.

**IV.   Conclusion and Recommendation**

Plaintiff's claim against Defendants arises from an allegedly staged attack on him by another inmate.  Plaintiff has not submitted any evidence that he filed and exhausted an appeal placing prison officials on notice that Defendants set him up for attack by inmate Rivas.  Therefore, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss for failure to exhaust, filed November 15, 2007, be GRANTED, and this action be dismissed, without prejudice.[2]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

///

_____

[2] Because the claim against all three defendants arises from the same event, the failure to exhaust the claim results in dismissal of the action, despite the fact that the third defendant remains unidentified and unserved.

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:     May 1, 2008**                                   _____/s/ Sandra M. Snyder_____
                                                                    UNITED STATES MAGISTRATE JUDGE